IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN MINGUETA,

    Plaintiff,

v.                                                              CV 08-0882 RHS/WPL

CARL D. LYONS, JR. and
SHIPPERS SERVICE EXPRESS, INC.,

    Defendants.

**ORDER**

Plaintiff has filed a motion to compel Defendants to further respond to his discovery requests. He contends that their discovery responses are deficient because Defendant Lyons did not answer certain interrogatories and did not verify his answers and Defendant Shippers Service did not produce all responsive documents and did not answer certain interrogatories. Defendants respond that they have prepared supplemental answers and responses to the discovery propounded to Lyons, which they will provide within twenty days. Defendants further respond that Shippers Service has produced all responsive documents in its possession, with one exception, and has no documentation that would provide the information requested in the interrogatories at issue. For the following reasons, I grant the motion in part.

**Discovery Propounded to Shippers Service**

This case arises out of an accident on eastbound I-10 when a tractor and trailer driven by Lyons rear-ended a 1981 Ford pickup in which Plaintiff was an occupant. The accident occurred on August 17, 2005. Plaintiff filed suit on August 14, 2008. According to Defendants, the investigating police officer cited Lyons for a log book violation, but did not cite him for any improper driving or mechanical defects in his vehicle. The insurance company for Shippers Service

closed its file after investigating the accident, reviewing the police report and concluding that there was no liability.

Although Plaintiff suggests that Defendants are attempting to litigate the merits of the case on discovery motions, I find that Defendants' description of the accident and police investigation is principally for the purpose of explaining why Shippers Service no longer has possession of responsive documents.[1] Defendants maintain that it was not until January 2007 that anyone contacted the insurance carrier for Shippers Service to notify it that Plaintiff was making a claim as a result of the accident. Defendants contend that, by that time, much of the documentation Plaintiff requests had been destroyed, as the Department of Transportation requires the type of documentation that Plaintiff seeks—including log books, maintenance records, and fuel receipts—to be retained only for a period of six months.[2] Defendants indicate that, with the exception of additional documents responsive to Request for Production No. 13, Shippers Service has produced all responsive documents in its possession and stated so in its answers and responses. Defendants further indicate that Shippers Service will supplement its responses to Request for Production No. 13 with its company handbook in effect at the time of the accident.

In reply, Plaintiff suggests that Shippers Service must have felt some responsibility, as demonstrated by the conduct of its insurance carrier, and thus it should have retained the relevant documentation. In particular, Plaintiff argues that the insurance carrier paid the losses of a third

---

[1] Of course, Plaintiff is correct that the fact of a citation is not, in and of itself, proof of negligence or lack thereof. Similarly, the insurance carrier's evaluation of liability is not controlling. Nevertheless, the passage of time that Defendants describe to justify the lack of documentation is reasonable and Plaintiff has not made a convincing argument to the contrary.

[2] Defendants do not cite any statute or regulation regarding the six month period, but Plaintiff has not objected to Defendants' reference to this time frame or provided any contrary legal citation and, in fact, Plaintiff incorporates the six month period into his own argument.

vehicle damaged in the accident within six months of the collision and interviewed Plaintiff in March 2007 to determine what type of witness he would make, two actions that contradict Shippers Service's purported belief that it had no responsibility.  Alternatively, Plaintiff argues that, if Shippers Service truly felt no responsibility for the accident, it would have retained the documents to prove this.

Federal Rule of Civil Procedure 34 allows discovery of items in the "possession, custody or control" of the responding party.  FED. R. CIV. P. 34.  I cannot compel Shippers Service to produce documents that no longer exist.  *See Rodriguez v. Union Pac. R.R.*, No. 8:04CV576, 2006 WL 898152, at *4 (D. Neb. April 6, 2006) (unpublished); 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2210 (2d ed. 1994). Plaintiff's vague allegations that Shippers Service should have retained the documents either because the insurer's actions suggest that it felt responsible, or to prove that it was not responsible, are insufficient to show that Shippers Service improperly destroyed any documents.  Defendants claim that they had no indication that Plaintiff was making a claim as a result of the accident until January 2007, nearly a year and a half after the accident.  By Plaintiff's own account, he was interviewed at Defendants' request in March 2007, after Defendants had notice of his claim. Plaintiff does not dispute the passage of time described by Defendants, does not argue that Shippers Service improperly destroyed documents after it learned of Plaintiff's claims, and does not cite any law to suggest that Shippers Service violated any regulation or policy governing the retention of the documentation at issue.

There is more merit to Plaintiff's argument that the documents Shippers Service has produced suggest additional discovery that has not been produced.  As an example, Plaintiff provided the court with the first page of what is clearly a multi-page document, purportedly from

the insurer's March 2007 interview of Plaintiff.  Plaintiff claims that Shippers Service failed to produce the entire document and Shippers Service has not explained this failure.  Shippers Service shall produce the rest of this document by July 16, 2009.  Plaintiff also contends that responses to other discovery requests reference repairs, towing, and photos for Plaintiff's vehicle but no documentation was produced.  However, Plaintiff did not specifically identify the documents that suggest incomplete discovery responses.  In light of Defendants claim that Shippers Service has produced all responsive documents in its possession, I cannot compel the production of unspecified additional discovery.

Finally, if Shippers Service has not yet supplemented its response to Request for Production No. 13, it shall do so by July 16, 2009.

### Discovery Propounded to Defendant Lyons

In their response, Defendants explain that Lyons left the employ of Shippers Service in February 2006 and his whereabouts were unknown at the time this suit was filed.  Defense counsel attempted to answer the discovery propounded to Lyons with the information then available, but could not verify the responses.  Defendants indicate that Lyons has been located and Defendants will submit verified supplemental answers and responses within twenty days of the filing of their response brief.  Plaintiff did not object to this in his reply.  By my calculation, twenty days passed on July 2, 2009.  If Defendants have not yet provided verified supplemental answers and responses to the discovery propounded to Lyons, they shall do so by July 16, 2009.

IT IS SO ORDERED.

*William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.